**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Carlos C. VICARIA, M.D., et al.,
Defendants–Appellees.**

**No. 92–2450.**

United States Court of Appeals,
Eleventh Circuit.

May 18, 1992.

James C. Preston, Jr., Tamra Phipps Asst. U.S. Attys., U.S. Atty.'s Office, Tampa, Fla., for plaintiff-appellant.

Atlee W. Wampler, II, Wampler, Buchanan & Breen, Miami, Fla., for defendants-appellees.

Before KRAVITCH, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

This case comes before us on the government's emergency motion to stay district court proceedings pending its appeal of the district court's grant of a new trial to Carlos Vicaria ("Vicaria"). In our May 14, 1992, order, we determined that the government's notice of appeal was timely, and we granted the motion for the stay. This opinion follows. We hold that (1) the government's motion for reconsideration of the district court's grant of a new trial tolled the time limit for filing a notice of appeal even though the motion was filed before the written order granting the new trial was entered in the criminal docket; and (2) the government's timely filing of its notice of appeal vested jurisdiction in this court and divested the district court of jurisdiction.

## BACKGROUND

On December 11, 1991, a jury returned a verdict of guilty against Vicaria on four counts for his role in a cocaine distribution conspiracy. Vicaria filed a timely motion for new trial and a motion for judgment of acquittal on December 18. The district court held a hearing on the motions on March 9, 1992, and orally granted the motion for new trial at that time. An entry memorializing the grant of the new trial motion was entered on the district court's docket on that same day.

In a subsequent order dated March 19, the district court reduced to writing its order granting a new trial. On March 23, the government filed a motion for reconsideration of the order. Forty-two minutes after the government's motion was docketed, the district court's March 19 written order granting the new trial was also entered in the docket. Vicaria filed a response to the motion for reconsideration on April 6, and the government filed a notice of supplemental authority on May 5.

On May 11, in response to the government's request for a ruling on its pending motion for reconsideration, the district court entered a written order finding that the government's motion was premature because it had been docketed forty-two minutes before the new trial order was docketed. In the district court's view, its order granting a new trial, dated March 19, was tantamount to a denial of the motion for reconsideration, which was dated March 23. Alternatively, according to the district court, the motion for reconsideration of the order was moot because it was filed before the written order was entered in the docket. The court therefore held that any further ruling on the motion for reconsideration was unnecessary and ordered that the new trial would commence at once. The government immediately filed a notice of appeal pursuant to 18 U.S.C. § 3731 and an emergency motion to stay the retrial. The district court expressed the view that this notice of appeal was not timely filed in accordance with section 3731 and Fed. R.App.P. 4(b) because more than thirty days had elapsed since its order granting a new trial was docketed on March 23. The court refused to delay the trial and immediately impaneled a jury.

On the same day, May 11, this court ordered that the trial be temporarily recessed until Friday, May 15, and directed the parties to address certain jurisdictional issues.

## DISCUSSION

■ Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal

and the time begins to run anew following disposition of the motion. *See United States v. Dieter*, 429 U.S. 6, 8–9, 97 S.Ct. 18, 19–20, 50 L.Ed.2d 8 (1976); *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal. *See United States v. Russo*, 760 F.2d 1229, 1230 (11th Cir.1985). Therefore, in a criminal case, the government has thirty days in which to seek reconsideration of a final judgment or other appealable order. *See* 18 U.S.C. § 3731; Fed.R.App.P. 4(b). In *United States v. Milian–Rodriguez*, 759 F.2d 1558, 1562 n. 1 (11th Cir.1985), *cert. denied*, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 112 (1985), this court stated:

> The case law clearly establishes that the timely filing of a motion for rehearing can render the dismissal of an indictment non-final, and extend the period during which an appeal may be taken, regardless of whether such extension is explicitly sanctioned by any statute or rule. In such cases the period of limitation runs from the date on which the motion for rehearing is denied....

Accordingly, if the government's motion for reconsideration in this case was timely and proper, the appeal period did not begin to run until the district court disposed of the motion.

▇▇▇ Vicaria argues that the district court correctly found that because its March 19 written order granting a new trial was docketed minutes after the government's March 23 motion for reconsideration of the self-same order, either (1) the March 19 written order in effect denied the March 23 motion for reconsideration, or (2) the motion for reconsideration was moot

because it was filed before the order was entered in the docket. Under either analysis, according to the district court, (1) the timely appeal clock started to run on March 23 and ran out on April 22, (2) the May 11 notice of appeal was not timely filed, and (3) the district court was thus not divested of jurisdiction.

Clearly, however, the district court's March 19 order could not have addressed a motion that was not filed until March 23. Further, the fact that the written order was docketed a few minutes after the government's motion for reconsideration is of no consequence because the government's motion was properly directed to the court's oral announcement of its grant of the motion for a new trial on March 9. Rule 4(b) states that the government's "notice of appeal shall be filed in the district court within 30 days *after* the entry of ... [the] order.... A[n] ... order is entered within the meaning of this subdivision when it is entered in the criminal docket." (Emphasis added.) Rule 4(b) also, however, states that "a notice of appeal filed after the announcement of a[n] ... order but *before* entry of the ... order *shall be treated as filed after such entry and on the day thereof....*" (Emphasis added.)

In other words, for purposes of determining whether a party has filed an appeal within the prescribed time limit—ten days for the defendant and thirty days for the government—Rule 4(b) provides that the clock begins to run when the order is entered in the criminal docket. This does not mean that a party loses its right to appeal by filing a notice of appeal prior to the order's entry in the docket. As quoted above, in such a situation, the notice of appeal "shall be treated as filed after such entry and on the day thereof." [1] *See also* 9 Moore's Federal Practice ¶ 2.04.03 & n. 15 (2d ed. 1992). Therefore, pursuant to Fed.

---

**1.** One could argue that when the passages in Rule 4(b) are read in context, the provision allowing the filing of a notice of appeal before the entry of the order applies only to the defendant, whereas the passage stating that an order is entered when it is entered in the criminal docket applies only to the government. Such a reading would come from the fact that the former passage directly follows a discussion of the defendant's notice of appeal while the latter passage directly follows a discussion of the

government's notice of appeal. Although the placement of the passages may at first glance seem confusing, the proper reading of Rule 4(b) is that each sentence that does not apply expressly to one particular party applies to both parties. For instance, following the discussion of the government's notice of appeal, Rule 4(b) states that "[u]pon a showing of excusable neglect the district court may ... extend the time for filing a notice of appeal...." According to

R.App.P. 4(b), the government could not be penalized for filing a notice of appeal or a motion for reconsideration after the district court's announcement of its grant of Vicaria's motion for a new trial but before the written order was entered in the criminal docket.

On March 9, the district court stated from the bench:

> Well, on reflection and reading over the instructions, I think that the Court should have instructed the Jury on that theory of his defense. Since I didn't do that, I'm going to grant a new trial in the case. If you [defense counsel] will prepare an appropriate order.

The district court criminal docket entry for March 9 read:

> PROCEEDINGS of Sentencing before Judge Anthony Alaimo. Arguments on previous motions for new trial & judgment of acquittal. Motion for New Trial GRANTED. C/R Judith Felker (CARLOS VICARIA)

The district court's statement from the bench was an announcement of its order granting a new trial. Accordingly, the government's motion for reconsideration (1) is treated as filed after the March 19 written order was entered in the docket on March 23, and (2) tolled the time for filing a notice of appeal. The district court's March 19 written order did not dispose of the government's March 23 motion for reconsideration. The district court did not deny the government's motion until May 11, when the district court issued its order erroneously stating that it had denied the motion in its March 19 order. Therefore, we hold that the government's May 11 notice of appeal was timely filed within thirty days of the court's order of the same day.

 The government's timely filing of a notice of appeal in this case divested the district court of jurisdiction before it impaneled the jury. *See United States v. Rogers,* 788 F.2d 1472, 1475 (11th Cir.1986) ("The filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals.").[2]

Addressing a factual situation nearly identical to the one before us now, the Tenth Circuit in *United States v. Mavrokordatos,* 933 F.2d 843, 846 (10th Cir.1991), held that when "[t]he government filed its notice of appeal from an appealable order at 1:51 p.m. and the jury was impaneled and sworn at approximately 4:10 p.m. ... the notice of appeal pursuant to 18 U.S.C. § 3731 was effective, and the trial court was thereby divested of jurisdiction to proceed before the jury was sworn."

## CONCLUSION

For the foregoing reasons, we hold that the government's notice of appeal was timely filed, vesting jurisdiction in this court and divesting the district court of jurisdiction. Accordingly, we grant the government's motion to stay any proceedings in the district court pending the government's appeal.

---

context, one might think that only the government may extend its time for appeal for excusable neglect. In reality, though, both the defendant and the government may receive an extension of the time to file a notice of appeal for excusable neglect. *See, e.g., United States v. Rothseiden,* 680 F.2d 96, 98 (11th Cir.1982) ("This provision by its terms applies to both appeals by the defendant and the government.").

**2.** Under limited exceptions to the general rule, the filing of a notice of appeal does not divest the district court of jurisdiction. *See, e.g., Rogers,* 788 F.2d at 1475 (appeal of district court denial of a defendant's frivolous double jeopardy motion); *United States v. Hitchmon,* 602 F.2d 689, 691 (5th Cir.1979) (en banc) (appeal of nonappealable order); *United States v. Gatto,* 763 F.2d 1040, 1049 (9th Cir.1985) (holding that, in appropriate cases, when government appeals pretrial suppression order, district court retains jurisdiction to dismiss indictment because government's conditional right to appeal suppression order must be balanced against defendant's right to proceed to trial on the indictment); *United States v. Cox,* 475 F.2d 837, 841 (9th Cir.1973) (holding that concern for defendant's Sixth Amendment speedy trial rights constituted justification for district court dismissing indictment during pendency of government appeal of suppression order). None of these exceptions applies here, however.