[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-11977
Non-Argument Calendar
_____

D. C. Docket No. 00-00012-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON DAVENPORT,
a.k.a. Giggles,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 15, 2006)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty and receiving a 155-month sentence, Aaron Davenport

appeals the district court's denial of his pro se motion for specific performance of the plea agreement. After review, we affirm.

Davenport plead guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and (iii), and 846. The plea agreement stated: "If, in the sole discretion of the United States Attorney, the defendant is deemed to have provided substantial assistance . . . then the United States Attorney will file an appropriate substantial assistance motion."

At sentencing, the government filed a U.S.S.G. § 5K1.1 motion based on Davenport's substantial assistance. Prior to the government's § 5K1.1 motion, Davenport faced a guidelines range of 360 months to life. In sentencing Davenport to 155 months, the district court noted that the sentence "was a substantial departure from the guideline range . . . and is based upon the substantial assistance that you have provided the government in the prosecution of others."

More than four years later, Davenport filed a pro se motion seeking to compel the government to file a Rule 35 motion on his behalf. According to Davenport, he and the government had reached an oral agreement in which the government agreed to file both a § 5K1.1 motion and a Rule 35 motion.

The district court denied Davenport's motion, concluding that "[t]he

2

Government has no contractual obligation to file a Rule 35 motion. It is within the sole discretion of the Government whether to file a Rule 35 motion or not."

Davenport appeals.[1]

After a sentence has been imposed, the government may file a Rule 35 motion asking the district court to reduce a defendant's sentence based on substantial assistance. Fed. R. Crim. P. 35(b). The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992)). The Supreme Court has concluded that "federal . . . courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as "race or religion." Wade, 504 U.S. at 185-86, 112 S. Ct. at 1843-44. However, a defendant who makes only generalized allegations of improper motive is not entitled to a remedy. Id. at 186, 112 S. Ct. at 1844. Thus, judicial review is appropriate only when "there is an

---

[1]The government contends that Davenport's notice of appeal is untimely. However, a notice of appeal filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to the prison authorities or places it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988); Fed. R. App. P. 4(c). Furthermore, Davenport's motion for reconsideration in the district court "toll[ed] the time for filing a notice of appeal . . . ." United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992). Because Davenport is entitled to the benefit of the mail-box rule and the time for filing a notice of appeal was tolled until the district court ruled on his motion for reconsideration, we conclude that the notice of appeal was timely in this case.

allegation <u>and</u> a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." <u>Forney</u>, 9 F.3d at 1502.

We agree with the district court that Davenport's plea agreement gave the government absolute discretion to file a Rule 35 motion. Because the government already filed a § 5K1.1 motion on Davenport's behalf and because Davenport has failed to even allege that the government acted with any unconstitutional motive in refusing to file a Rule 35 motion, Davenport is not entitled to any relief.

For all the above reasons, we affirm the district court's denial of Davenport's motion to compel the filing of a Rule 35 motion.

AFFIRMED.