[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12980
Non-Argument Calendar

_____

D. C. Docket No. 04-10014-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAHDI JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2006)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Mahdi Johnson appeals his 96-month sentence for possession with

intent to distribute at least 1 gram of crack cocaine, in violation of 21 U.S.C. § 841,

and the denial of his motion for reconsideration. First, Johnson argues on appeal that his sentence is unreasonable because the district court failed to consider his arguments that: (1) his sentence should be reduced based on his diminished mental capacity; (2) he would benefit by being placed in social services; (3) his criminal history is disproportionately high because he is a retail seller; and (4) he should receive a downward departure because he was a career offender. Johnson acknowledges that he received a sentence below the guidelines because of his undischarged state prison sentence, but maintains that his sentence is still "draconian."

The government responds that we do not have jurisdiction because Johnson did not file a timely notice of appeal from the judgment of conviction. The government contends that a post-judgment motion to reconsider filed by Johnson did not toll the time for filing a notice of appeal because neither it nor a timely filed Fed. R. Crim. P. 35 motion are listed as tolling motions under Fed. R. App. P. 4(b)(3). The government further argues that we lack jurisdiction to review the reasonableness of Johnson's sentence because the notice of appeal does not designate that it is appealing the judgment.

Next, Johnson argues that the district court erred in denying his post-judgment motion as untimely because his motion was not filed pursuant to Rule

Johnson contends that federal practice allows a motion to reconsider a final judgment to be filed within ten days and that it tolls the time for filing a notice of appeal.

## I.

We review issues of subject matter jurisdiction *de novo*. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

A motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, but the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion. *See United States v. Dieter*, 429 U.S. 6, 8-9, 97 S. Ct. 18, 19-20, 50 L. Ed. 2d 8 (1976); *United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992). "A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal." *Vicaria*, 963 F.2d at 1414. In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days of the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *United States v.*

*Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001) (citation omitted).

After reviewing the record, we conclude that Johnson is correct that the district court misinterpreted his motion as a Rule 35 motion instead of a motion to reconsider allowed under federal practice. Johnson's motion to reconsider was timely filed within the ten-day period for filing a notice of appeal and, thus, tolled the time period for filing a notice of appeal. *See Vicaria*, 963 F.2d at 1413-14. The ten-day period for filing a notice of appeal started when the court denied the motion on May 12, 2005. *See id.* Johnson then filed a notice of appeal on May 20, 2005. Therefore, we conclude from the record that we have jurisdiction to review the district court's order denying the motion to reconsider because the notice of appeal was timely filed and designated that Johnson was appealing the May 12, 2005, order. *See* Fed. R. App. P. 3(c)(1)(b), 4(b)(1)(A)(i).

With respect to the April 21 judgment, the notice of appeal stated that Johnson was appealing "the Order Denying Defendant's Motion to Reconsider Sentence entered May 10, 2005." Because notices of appeal must "designate the judgment, order or part thereof appealed from," Fed. R. App. P. 3(c), we have jurisdiction to review only those judgments or orders specified - expressly or impliedly - in the notice of appeal, *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1374-75 (11th Cir. 1983).

4

Where a notice of appeal specifies a particular judgment or ruling, we normally infer that others are not part of the appeal. *Id.* Rule 3, however, must be liberally construed, and mistakes in designation of orders to be appealed will be overlooked where it was clear that the "overriding intent was effectively to appeal." *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir. 1998). Ultimately, the question is whether the notice of appeal and subsequent appellate proceedings support an inference that, at the time of filing the notice of appeal, a party sought to appeal the unspecified order. *See Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1060 n.1 (5th Cir. 1981)[1] (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1379 (10th Cir. 1979)).

Here, Johnson's notice of appeal and brief on appeal, liberally construed, suggest that he wished to seek review of both the district court's original judgment and order denying his motion to reconsider. Thus, we will review the reasonableness of Johnson's sentence.

II.

We review a motion to reconsider for an abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A district court may not modify a term of imprisonment once it has been imposed except: (1) where, upon motion of the Director of the Bureau of Prisons, (a) extraordinary and compelling reasons warrant such a reduction, or (b) the defendant is at least 70 years of age and the Bureau of Prisons determines that the defendant is not a danger to the safety of any other person or the community; (2) where permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and where a sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Rule 35, however, only allows a court to correct or reduce a sentence resulting from "arithmetical, technical or other clear error" within seven days of sentencing, or to reduce a sentence upon motion by the government for a reduction for substantial assistance. Fed. R. Crim. P. 35.

Although the district court misinterpreted Johnson's motion as falling under Rule 35 and erred in finding that it lacked jurisdiction to rule on the motion because it was not filed within the seven-day period required by Fed. R. Crim. P. 35(a), the court's alternative basis for denying the order demonstrates that it did not abuse its discretion. Johnson argued primarily in his motion that the court should reconsider his sentence because the court misunderstood its authority to impose his sentence concurrent with his state prison term and because Dr. Michael Rappaport, a professional who reviewed his case and his mental capacity, updated

a report relied on by the court at sentencing to reflect newly received information. The court stated in its order though that, regardless of whether it had authority to impose a concurrent sentence, Johnson's sentence was equivalent to a concurrent sentence because the court reduced his sentence to account for the state prison term.

In addition, while the court did not address in its order Johnson's argument regarding Dr. Rappaport's report, Johnson thoroughly presented his arguments regarding his mental capacity at sentencing. The court even commented at sentencing that it had "a lot of difficulty" with the guidelines. The court reduced Johnson's sentence from 151 months, the low end of the guideline range, to 96 months. This sentence not only accounted for Johnson's 37-month undischarged state prison term, but also reduced his sentence an additional 18 months. Because we may affirm on any ground supported by the record, *United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996), we hold that the district court did not abuse its discretion, despite its errors in construing Johnson's motion.

III.

We review a defendant's ultimate sentence for reasonableness. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). Among the factors that a district court should consider are the nature and circumstances of the offense, the

7

history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7). We have clarified that "nothing in *[United States v. ] Booker* [, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)]* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Although the district court did not explicitly state that it was considering the § 3553(a) factors, Johnson's ultimate sentence is reasonable. Johnson's sentence is less than half of the 20-year statutory maximum sentence, 21 U.S.C. § 841(b)(1)(C), and well below the guideline range of 151 to 188 months. The district court expressed distress over the guideline sentence at sentencing, presumably due to the high guideline sentence caused by the career offender enhancement when some of his prior convictions were "minor." Instead of imposing a guideline sentence, the court not only reduced Johnson's sentence by 37 months to account for his undischarged state term, but reduced his sentence an additional 18 months and imposed a 96-month term of imprisonment. This sentence indicates that the court thoroughly considered the nature and

8

circumstances of the offense and Johnson's history and characteristics and crafted a sentence that would provide adequate deterrence but was not more severe than necessary.  Therefore, we hold that Johnson's ultimate sentence is reasonable.  For the foregoing reasons, we affirm Johnson's sentence.

**AFFIRMED.**