[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12018
Non-Argument Calendar

_____

D. C. Docket No. 95-00010-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS WILSON,
a.k.a. Bullhead,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 12, 2009)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Norris Wilson is a federal prison inmate serving a sentence of 224 months

that was imposed following his conviction on a plea of guilty of conspiracy to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C. § 846.[1] On August 3, 2007, Wilson moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the Sentencing Guidelines. The district court, in an order entered on March 31, 2008, recalculated Wilson's offense level at 30. At criminal history category V, the sentence range came to 151 to 188 months' imprisonment, lower than the 188 to 235 range the court used initially in fashioning Wilson's sentence. Although it lowered Wilson's sentence range, the court denied Wilson's § 3582(c)(2) motion. It did so "based on factors identified in 18 U.S.C. § 3553(a), namely the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant."[2]

On April 14, 2008, Wilson moved the district court to reconsider its March 31 order. On April 16, while the motion was pending, he filed a notice of appeal, challenging the March 31 order. On June 23, 2008, the court denied the motion for reconsideration on the ground that Wilson's filing of the notice of appeal had

---

[1] The district court's probation office, and subsequently the district court, set Wilson's base offense level at 32 pursuant to U.S.S.G. § 2D1.1, having found that Wilson's offense involved at least 50 grams but less than 150 grams of crack cocaine (53 grams were attributable to Wilson). There were no adjustments, so the total offense level was 32. This level coupled to a criminal history category of V yielded a sentence range of 188 to 235 months' imprisonment.

[2] The court noted that Wilson had three previous felony drug convictions.

2

divested the court of jurisdiction to consider the motion on its merits.  Wilson now appeals.

The filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals.  Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986).  The question this appeal presents, therefore, is whether Wilson's filing of the motion for reconsideration on April 14 gave the district court the authority to entertain the motion notwithstanding Wilson's subsequent filing of the notice of appeal.

A defendant in a criminal case must file a notice of appeal within 10 days of the entry of judgment.  Fed.R.App.P. 4(b)(1)(A).  However, if a defendant timely files one of the tolling motions listed under Rule 4(b)(3), then the notice of appeal is not effective until the date of the entry of the order disposing of the tolling motion, or until the date of the entry of the judgment of conviction, whichever is later.  Fed.R.App.P. 4(b)(3)(B).  The three tolling motions listed in Rule 4(b)(3)(C) include a motion for judgment of acquittal, a motion for new trial, and a motion for arrest of judgment.  Fed.R.App.P. 4(b)(3)(A).  Moreover, "[a] valid notice of appeal is effective–without amendment–to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A)."  Fed.R.App.P. 4(b)(3)(C).

The Federal Rules of Criminal Procedure do not expressly authorize the filing of a motion to reconsider an order by the district court. Nonetheless, "the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8-9, 97 S.Ct. 18, 19-20, 50 L.Ed.2d 8 (1976)). In this case, the motion for reconsideration was timely since it was filed within the period of time allotted for appealing the March 31 order. Vicaria, 963 F.2d at 1414. Hence, the April 16 notice of appeal did not transfer jurisdiction to this court, i.e., it did not oust the district court of jurisdiction, until the district court entered its June 23 order denying Wilson's motion for reconsideration.

The district court's order of June 23, 2008, denying Wilson's motion for reconsideration on the ground that the court lacked jurisdiction to entertain it, is accordingly vacated, and the case is remanded with the instruction that the district court pass on the merits of Wilson's motion for reconsideration.

VACATED and REMANDED, with instruction.