[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11237
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00013-RV-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

CHRISTOPHER JAMES BALLEW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 27, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Christopher Ballew, proceeding pro se, appeals a district court's order

denying his motion to reduce his sentence.  Because the district court had

jurisdiction to issue the order in question and because Ballew has forfeited his other arguments on appeal, we affirm the district court's order.

Ballew pleaded guilty to three counts involving the possession and distribution of methamphetamine. A presentence investigation report (PSR) calculated Ballew's base offense level under the sentencing guidelines to be 32, applying U.S.S.G. § 2D1.1. Because he qualified as a career offender, however, the PSR ultimately disregarded Ballew's base offense level under § 2D1.1, and instead calculated his total offense level using the applicable career offender enhancement of U.S.S.G § 4B1.1(b)(A). Applying that enhancement yielded an offense level of 37, which the PSR reduced by three levels under U.S.S.G. § 3E1.1 because Ballew had accepted responsibility for the offenses. The PSR recommended that the district court fix Ballew's total guidelines offense level at 34, based exclusively on application of §§ 4B1.1(b)(A) and 3E1.1. Pairing Ballew's total guidelines offense level with his criminal history category of VI yielded a guidelines range of 262-327 months in prison.

The district court adopted the PSR's calculations, but varied downward and sentenced Ballew to three 144-month terms, all to run concurrently. The court explained that it had varied downward because, after his arrest, Ballew had provided substantial assistance to the government.

2

In December 2014, Ballew filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). His motion was based on Guidelines Amendment 782, which lowered the sentencing range for some offenders sentenced according to § 2D1.1. The district court denied Ballew's motion on procedural grounds, explaining that "[t]he retroactive application of [Amendment 782] will not be effective until November 2015. All sentences affected will be reviewed by the Court without a motion."

Ballew appealed the district court's order denying his motion. While that appeal—which we later dismissed because it concerned a non-appealable order—was pending, the district court entered an order explaining that it had reviewed Ballew's motion and "determined that [his] sentence is not impacted by Amendment 782" because his "guideline range was determined pursuant to § 4B1.1," not § 2D1.1. Ballew promptly appealed that order, as well, arguing in his opening brief that his then-pending appeal of the district court's first order denying his motion under § 3582(c) deprived the district court of jurisdiction to issue the second order. After the government filed its response brief in Ballew's second appeal, he filed a reply brief that asserted, for the first time, that he was eligible for a reduced sentence under Amendment 782 because, in varying

3

downward from the guidelines based on Ballew's substantial assistance, the district court had departed from the career offender guideline.

Ballew's arguments are meritless.  Although the filing of a notice of appeal normally divests a district court of jurisdiction over the subject matter of the appeal, that rule does not apply to notices of appeal from non-appealable orders. United States v. Vicaria, 963 F.2d 1412, 1415 & n.2 (11th Cir. 1992).  In dismissing Ballew's first appeal in this case, we determined that the order challenged in that appeal was a non-appealable order.  As a result, Ballew's appeal in the first case did not divest the district court of jurisdiction to issue its later order denying his motion on the merits.

Ballew has forfeited his other argument—that the district court's downward variance at sentencing meant he was eligible for a reduced sentence under Amendment 782—because he did not raise it in his opening brief.  See United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

Even if Ballew had properly raised his argument about the applicability of Amendment 782, we would reject it.  By its terms, Amendment 782 applies only to defendants whose guidelines ranges were based on § 2D1.1.  The district court calculated Ballew's guidelines range using § 4B1.1 instead of § 2D1.1, and its

4

decision to vary downward had nothing to do with § 2D1.1.  For those reasons,

Amendment 782 does not authorize a reduced sentence in Ballew's case.

**AFFIRMED.**