[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10150
Non-Argument Calendar
_____

D.C. Docket No. 8:97-cr-00344-JDW-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEE COLLINS,
a.k.a. Block,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 18, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Collins appeals, *pro se*, the denial of his request for grand jury transcripts and his motion for reconsideration. On appeal, Collins argues that the district court abused its discretion by denying his request for jury transcripts and his motion for reconsideration of the order denying his request for grand jury transcripts. The government argues that the appeal from the order denying the request for grand jury transcripts was untimely. The district court did not abuse its discretion by denying Collins's motion to reconsider its order denying his request for grand jury documents because Collins failed to demonstrate a particularized need for the grand jury materials. Additionally, his request was not limited to the material needed to avoid an injustice.

## I.

We review *de novo* the interpretation of rules of federal procedure. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A criminal defendant must file a notice of appeal within 14 days after the entry of the judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). This time limit is not jurisdictional, but assures relief to a party who properly raises it as an issue. *Lopez*, 562 F.3d at 1312. A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal. *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992). Upon a finding of excusable neglect or good cause, the district court

2

may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of that time.  Fed. R. App. P. 4(b)(4).

Here, Collins's appeal from the order denying his request for grand jury transcripts was untimely.  First, Collins's appeal from the order on November 24, 2015 was due 14 days later, on December 8, 2015.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  However, he filed his appeal on January 11, 2016, after the permitted time period expired.  Second, while a motion for reconsideration would have tolled the time for Collins's appeal, he needed to file it within the 14-day period allotted for filing the notice of appeal, on or before December 8, 2015.  *See Vicaria*, 963 F.2d at 1414.  Collins filed his motion for reconsideration on December 17, 2015, after the allotted time period ended.  Third, a district court could have extended the time to file a notice of appeal upon a finding of excusable neglect or good cause for a period not to exceed 30 days from the expiration of the time.  However, that time period ended on January 7, 2016, 30 days after the 14-day deadline on December 8, 2015.  Fed. R. App. P. 4(b)(4).

Therefore, Collins's notice of appeal filed on January 11, 2016 was untimely.  Collins filed it after the 14-day time period lapsed, and it did not fall into any of the exceptions for an untimely appeal.  Because the government properly raised the issue of untimeliness and Collins's appeal from the order

3

denying his request for jury transcripts was untimely, we dismiss Collins's appeal regarding that order.

## II.

We review for abuse of discretion the denial of a motion to reconsider. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  We read briefs filed by *pro se* litigants liberally.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  However, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *Id*.  We do not address arguments raised for the first time in a *pro se* litigant's reply brief.  *Id*.

The district court may authorize disclosure of a grand-jury matter preliminarily to, or in connection with, a judicial proceeding at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.  Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).  The district court has substantial direction in determining whether grand jury materials should be released.  *United States v. Aisenberg*, 358 F.3d 1327, 1349 (11tth Cir. 2004).  Parties seeking grand jury transcripts under rule 6(e) must show (1) that the matter they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed.  *Id*. at 1348.  The burden of demonstrating that the need for disclosure

outweighs the need for secrecy rests upon the private party seeking disclosure. In order to carry out this burden, the party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure. *Id*. General or unsubstantiated allegations do not satisfy the particularized need requirement. *United States v. Cole*, 755 F.2d 748, 758–59 (11th Cir. 1985).

Here, Collins did not specifically mention his motion to reconsider in his initial brief, and issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson*, 518 F.3d at 874. However, because Collins is proceeding *pro se*, we liberally construe Collins's arguments in his briefs regarding why the district court should have granted his request for the grand jury transcripts as arguments for why the district court abused its discretion in denying his motion for reconsideration. Even liberally construing Collins's brief, his argument still fails because the district court did not abuse its discretion by denying Collins's motion for reconsideration.

Collins argued that the district court abused its discretion because he needed the transcripts to avoid the injustice of his incarceration for crimes, which he did not commit, and which he could prove that he did not commit in his collateral proceedings. However, in order to demonstrate that the need for disclosure outweighed the need for secrecy, Collins needed to show a compelling and particularized need for disclosure. *See Aisenberg*, 358 F.3d at 1348. Collins failed

to do so because his allegations of perjury and government misconduct rested solely on his own speculative inferences. Collins's claim that Kirlew told him that he perjured himself and planted drugs on Collins was unsubstantiated, and general or unsubstantiated allegations do not satisfy the particularized need requirement. *See Cole*, 755 F.2d at 758–59. Furthermore, while Collins stated that the request covered only the necessary material and specified that the relevant material he needed was Kirlew's testimony, he did not limit his request to that testimony. Collins also requested the evidence and information the prosecutor presented to the grand jury to obtain the grand jury indictment. *See Aisenberg*, 358 F.3d at 1348.

Therefore, the district court did not abuse its discretion by denying Collins's motion to reconsider its order denying his request for grand jury documents because Collins failed to demonstrate a particularized need for the grand jury materials and his request was not limited to the material needed to avoid an injustice. Accordingly, we affirm the district court's order denying Collins's motion for reconsideration.

**DISMISSED, in part, and AFFIRMED, in part.**