[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10145

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWIN SYLVAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:14-cr-60313-DPG-1

_____

2                    Opinion of the Court                    23-10145

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal as untimely is GRANTED, and this appeal is DISMISSED. *See United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009) (holding that the time limit in Rule 4(b)(1)(A) is a non-jurisdictional claims-processing rule that we must enforce if raised by the government). Edwin Sylvain's *pro se* notice of appeal indicates that he appeals a December 15, 2022 order denying him 18 U.S.C. § 3582(c)(2) relief, but review of the record reveals no such order entered on that date. We construe his notice of appeal as challenging only the district court's August 16, 2022 paperless order denying his June 2022 motion seeking 18 U.S.C. § 3582(c)(2) relief.

However, his appeal is untimely as to that order. Because he timely moved for reconsideration of that order, the appeal deadline began to run when the district court denied his motion for reconsideration on September 1, 2022, resulting in an appeal deadline of September 15, 2022. *See United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992); Fed. R. App. P. 4(b)(1)(A). Although Sylvain does not identify when he provided his notice of appeal to prison officials for mailing for purposes of the prison mailbox rule, it was apparently mailed after December 15, 2022, because it challenges a purported order of that date, it bears a prison mail processing stamp of January 3, 2023, and the district court received it on January 9, 2023. *See* Fed. R. App. P. 4(c) (requiring a declaration,

23-10145               Opinion of the Court               3

notarized statement, or other evidence that a prisoner deposited in the prison mail system a notice of appeal by the filing deadline). The notice of appeal was thus at least three months late.

We DENY as moot the government's motion to stay the briefing schedule.