**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 23-3105

_____

UNITED STATES OF AMERICA

v.

JAMES COLE,
                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-91-cr-00570-002)
District Judge: Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2024

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: March 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

James Cole, a federal prisoner proceeding pro se, appeals from the District Court's

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

orders denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and his motion to reconsider that ruling. The Government moves for summary affirmance. We grant the Government's motion and will summarily affirm.

In 1993, Cole was convicted of conspiring to distribute, and to possess with the intent to distribute, heroin and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; and possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The convictions arose from Cole's leadership role in a largescale, violent drug trafficking operation in the Philadelphia area. He was sentenced to a term of life imprisonment. Cole was unsuccessful on direct appeal and in various post-judgment proceedings.

At issue here is Cole's most recent motion to reduce his sentence pursuant to § 3582(c)(1)(A).[1] In the motion, he sought early release from his life sentence on the ground that he now meets the age and sentence requirements of § 3582(c)(1)(A)(ii) because he is seventy years old and has served thirty years in custody. Cole alternatively sought early release under § 3582(c)(1)(A)(i) because, he argued, his age, medical

---

[1] This was Cole's third motion for "compassionate release" in recent years. In September 2020, he sought compassionate release under § 3582(c)(1)(A)(i) on the grounds that his age and medical conditions placed him at heightened risk of serious illness if he were to contract COVID-19. The District Court denied the motion, concluding that even if these factors constituted "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), the sentencing concerns set forth in 18 U.S.C. § 3553(a) counseled against release. In December 2022, Cole filed another motion for compassionate release based on his medical conditions. The District Court again denied relief, explaining that nothing material had changed since his last motion, and that the § 3553(a) factors still outweighed the risks posed by his medical conditions.

conditions (arthritis and diabetes), rehabilitative efforts, and time already spent in custody constitute "extraordinary and compelling reasons" warranting release.  The District Court denied the motion, explaining that (1) § 3582(c)(1)(A)(ii) does not apply to him; and (2) even if his age, medical conditions, and rehabilitative efforts constituted "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i), the sentencing concerns set forth in 18 U.S.C. § 3553(a) counseled against release.  Cole moved for reconsideration, but the District Court denied relief.  He appealed.[2]

The "compassionate release" provision of 18 U.S.C. § 3582 allows a district court to reduce a prisoner's sentence if "extraordinary and compelling reasons warrant such a reduction," § 3582(c)(1)(A)(i), or, alternatively, the prisoner meets the age and sentence demands of § 3582(c)(1)(A)(ii).  Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  Id. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate

---

[2] We have jurisdiction under 28 U.S.C. § 1291 to review both the District Court's order denying Cole's § 3582(c)(1)(A) motion and its order denying reconsideration thereof. Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of a motion for reconsideration in a criminal matter, the Supreme Court has held that the timely filing of such a motion tolls the time for filing a notice of appeal.  See United States v. Dieter, 429 U.S. 6, 8–9 (1976); United States v. Vicaria, 963 F.2d 1412, 1413–14 (11th Cir. 1992) (per curiam).  We review both orders for an abuse of discretion.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020); United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)–(C).

The District Court acted well within its discretion in denying Cole's § 3582(c)(1)(A) motion. First, the District Court correctly concluded that Cole was not eligible for relief under § 3582(c)(1)(A)(ii) because that provision applies only to prisoners who had been sentenced under 18 U.S.C. § 3559(c), the "three strikes" provision. See 18 U.S.C. § 3582(c)(1)(A)(ii) (stating that the district court may modify a prison term if, among other things, the defendant has served at least 30 years of a sentence imposed under section 3559(c)). Second, the District Court reasonably concluded that release was not warranted under § 3582(c)(1)(A)(i) in light of the § 3553(a) factors. As the District Court explained, given Cole's leadership role in a notoriously violent criminal enterprise, early release from his life sentence would not protect the safety of the community, see § 3553(a)(2)(C), or reflect the seriousness of the underlying crimes, see § 3553(a)(2)(A).

The District Court also acted within its discretion in denying Cole's motions for reconsideration. Although Cole argued that the District Court had not sufficiently addressed each of his arguments, the record reflects that it had. See Dist. Ct. Order 2, ECF No. 747. Moreover, Cole did not provide any legal or factual support for his contention that the District Judge who adjudicated his compassionate-release motion improperly reassigned the case to a different district judge; rather, the docket report indicates that the Chief Judge reassigned the case at random pursuant to the court's standard practice upon a judge's retirement. Order, ECF No. 759; see also E.D. Pa. Rule

4

50.1(d).  Lastly, to the extent that Cole challenged the District Court's finding that his medical conditions were "stable and well-managed in the prison environment," Order 3, ECF No. 747, the District Court reasonably determined that even if they were not, the sentencing factors counseled against releasing Cole.

We have considered Cole's arguments on appeal and conclude that they are meritless.  Accordingly, because this appeal does not present a substantial question, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), we grant the Government's motion and summarily affirm.[3]

---

[3] The Government's requests for leave to file its motion for summary affirmance out of time and to be excused from filing a brief are granted.

5