**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12558
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CARLOS CASTRO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80119-DMM-1
_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In 2013, Carlos Castro pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. At sentencing, he conceded that he was responsible for 150

2                    Opinion of the Court                    24-12558

kilograms—330 pounds—of cocaine.  Following the parties' joint recommendation, the district court imposed a mandatory minimum sentence of 240 months' imprisonment, far below the Guidelines range of 360 months to life.

Halfway through his sentence, Castro filed a motion for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  The district court denied that motion, and Castro did not appeal.  About a year later, in January 2024, he filed the same motion again.  Denied again.  This time around, he appealed.

We dismiss the appeal as untimely to the extent it seeks review of the district court's denial of the motion for compassionate release, and affirm the denial of the motion for reconsideration.  We deny all pending motions as moot.

**I.**

Proceeding pro se, Castro signed and delivered a motion for compassionate release on January 8, 2024.  *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").  The government filed a response on January 26, opposing the motion.  The district court denied Castro's motion on March 20.[1]  Two months later, on May

---

[1] Castro delivered a reply brief on March 26—after the motion had already been denied.  According to Castro, he did not receive notice of the court's denial order until May 16.  Because Castro did not know about the March 20

24-12558                Opinion of the Court                3

20, Castro delivered a motion for reconsideration. On July 9, the district court denied that too. Castro delivered a notice of appeal on July 18.

## II.

In criminal cases, a defendant's notice of appeal must generally be filed within 14 days of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). The filing of a motion for reconsideration may toll that deadline, but only if it occurs "within the period of time allotted for filing a notice of appeal." *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992).

Because the government did not forfeit its timeliness objection, "we must apply the time limits of Rule 4(b)." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009). Here, the district court entered its order denying Castro's motion for compassionate release on March 20, 2024. So Castro had 14 days— until April 3—to deliver his notice of appeal or motion for reconsideration. But he did not deliver his motion until May 20— long after the April 3 deadline.[2] So that motion did not toll the time to file a notice of appeal. And because Castro did not deliver his

---

order when he delivered the reply brief, we see no reason to construe the reply as a motion for reconsideration.

[2] Under Rule 4(b)(4), the district court may extend the notice of appeal deadline "for a period not to exceed 30 days" upon "a finding of excusable neglect or good cause." But this Rule offers no help to Castro because even if the deadline was extended by 30 days—to May 3—he did not meet it. *See Lopez*, 562 F.3d at 1314.

notice of appeal until July 18, the appeal is untimely to the extent it seeks review of the district court's denial of the motion for compassionate release.

Next, we affirm the district court's denial of the motion for reconsideration. We review such an order for abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We see none here. Castro's motion for reconsideration did not challenge the merits of the district court's denial of his motion for compassionate release, including its conclusion that "the nature of his conviction and his criminal history indicate that he would be a danger to the community if released." *See* U.S. Sentencing Guidelines § 1B1.13(a)(2) (Nov. 2023). Because the motion failed to identify any "newly-discovered evidence or manifest errors of law or fact," the district court did not abuse its discretion in denying it. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

⋆    ⋆    ⋆

We **DISMISS** as untimely Castro's appeal of the denial of his motion for compassionate release and **AFFIRM** the denial of his motion for reconsideration.