**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11975

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANNEL ANTONIO CARRERA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60142-RAR-3

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Annel Antonio Carrera, a federal prisoner proceeding pro se, appeals from the district court's March 13, 2025, order denying his second motion for a sentence reduction and May 28, 2025, order

denying his motion for reconsideration.  The government moves to dismiss this appeal in part and for summary affirmance in part.

The government's motion to dismiss in part is GRANTED because Carrera's notice of appeal, deemed filed June 4, 2025, is untimely to appeal from the district court's March 13, 2025, order. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that, under the prison mailbox rule, a notice of appeal mailed by a *pro se* prisoner through the prison mail system is deemed filed on the date that they deliver it to prison authorities for mailing); Fed. R. App. P. 4(c)(1), (b)(1)(A) (providing that, in criminal cases, a defendant must file a notice of appeal within 14 days after the entry of the order or judgment being appealed); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that motions for sentence reduction under 18 U.S.C. § 3582(c)(2) are "criminal in nature"). Additionally, Carrera's notice of appeal was filed more than 30 days after the expiration of the initial 14-day appeal period, so he is not eligible for an extension of time.  *See* Fed. R. App. P. 4(b)(4) (providing that the district courts can "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)); *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

Further, Carrera's motion for reconsideration is deemed filed on May 27, 2025, which was too late for it to toll the time to file a notice of appeal.  *See United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) (explaining that motions for reconsideration must be filed within the time allowed to file a notice of appeal,

meaning defendants must such motions within 14 days after the underlying order or judgment, for them to have tolling effect). Accordingly, because the government raised the issue of timeliness, we must apply Rule 4(b)(1)(A) and dismiss Carrera's appeal from the district court's March 13, 2025, order. *See Lopez*, 562 F.3d at 1314.

As to the government's motion for summary affirmance in part, the government's position is clearly correct as a matter of law because the district court did not abuse its discretion in denying Carrera's motion for reconsideration. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Carrera's motion for reconsideration did not present any additional case law or evidence but instead reiterated the arguments that he previously had raised in his second motion for a sentence reduction. *See Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted) (holding that a party cannot use a motion for reconsideration "to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment"). Additionally, the district court did not abuse its discretion in rejecting his request to reconsider its finding that the § 3553(a) factors did not warrant a sentence reduction because a request to re-examine an unfavorable ruling is not a valid ground for a court to grant a motion for reconsideration. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

4                    Opinion of the Court                    25-11975

Accordingly, because the government's position is clearly correct as a matter of law so that there can be no substantial question as to the outcome of this case, we GRANT the government's motion for summary affirmance in part. *See Groendyke*, 406 F.2d at 1162.

**DISMISSED IN PART, AFFIRMED IN PART**.