[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14707
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20169-KMM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUDEISY LOPEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 30, 2016)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Yudeisy Lopez, a federal prisoner proceeding *pro se*, appeals the district court's order denying her Rule 60(b), Federal Rules of Civil Procedure, motion to set aside the second amended judgment.  The district court entered the second amended judgment in 2012 after this Court denied Lopez's direct appeal of her criminal conviction and sentence but remanded for the district court to correct a clerical error in the amended judgment.  Lopez contends her due process rights were violated because she lacked notice of the second amended judgment and was therefore deprived of the opportunity to contest the second amended judgment, which she contends is void because it was entered under Federal Rule of Criminal Procedure 35(a) more than 14 days after sentencing.  After review,[1] we affirm.

Lopez's motion is untimely and without permission.  Lopez filed the motion more than three years after district court entered the second amended judgment. *See United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992); Fed. R. App. P. 4(b)(1)(A).  In the intervening period, Lopez filed an untimely petition for writ of habeas corpus under 28 U.S.C. § 2255, which was denied and from which neither the district court nor this Court granted a certificate of appealability.  We have not granted Lopez leave to file a second § 2255 motion.  Therefore, there is

---

[1] We normally review for an abuse of discretion the denial of a motion for relief from judgment under Rule 60(b).  *Howell v. Sec'y, Florida Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013).  But, "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998)).  Affording liberality in light of Lopez's *pro se* status, we construe Lopez's Rule 60(b) motion as a motion for reconsideration. *See United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010).

no cognizable basis for Lopez's motion or appeal. *See* 28 U.S.C. §§ 2244, 2255(h).

Even considering the merits of Lopez's motion and appeal, we find no basis for relief. The second amended judgment was specifically directed by this Court's opinion and mandate upon Lopez's direct appeal. *See United States v. Lopez*, 445 F. App'x 190, 195 (11th Cir. 2011). The district court's reference to Rule 35(a), Federal Rules of Criminal Procedure, does not void the second amended judgment. Even without our directive, the district court retained the authority to correct the clerical error that we identified in the amended judgment. *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Although Lopez contends that she neither learned of nor received the second amended judgment, both Lopez's § 2255 motion and her brief to this Court indicate she knew of the Court's denial of her direct appeal and direction that the district court correct the typographical error. In any event, the second amended complaint caused Lopez no prejudice, as it merely corrected the statute of conviction. Every other pertinent document in her criminal case included the correct statute, and Lopez's sentence was unaffected. Thus, this appeal lacks merit.

**AFFIRMED.**

3