[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10713
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20153-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MARIO VIVES,
a.k.a. Canoso,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2013)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Roberto Mario Vives, a federal prisoner proceeding pro se, appeals the

dismissal of his "Petition for Modification and Reduction of Sentence" (the

"petition"), which he filed pursuant to Federal Rule of Criminal Procedure 35; 18 U.S.C. §§ 3231, 3582(c)(2), 3742; and 28 U.S.C. § 1651.  He also appeals the denial of his motion for reconsideration of that dismissal.  We dismiss in part and affirm in part.

## I.

On appeal, Vives argues the merits of his petition.  The government responds we lack jurisdiction over Vives's appeal to the extent he is appealing from the district judge's order dismissing his petition, because his notice of appeal was untimely filed.

We review de novo whether an appeal should be dismissed as untimely.  *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).  To be timely, a defendant's notice of appeal in a criminal case must be filed in the district court no later than 14 days after the challenged order is entered.  *See* Fed. R. App. P. 4(b)(1)(A).  Unlike the civil appeal rules, the deadline in Federal Rule of Appellate Procedure 4(b) for criminal defendants is not jurisdictional, because it is not based on a federal statute.  *United States v. Lopez*, 562 F.3d 1309, 1311-13 (11th Cir. 2009).  We must apply Federal Rule of Appellate Procedure 4(b) time limits upon objection by the government to a defendant's untimely notice of appeal.  *Id.* at 1314.

A notice of appeal filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing or places it in the prison mail system.  *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988).  Absent contrary evidence, we will assume that a prisoner's filing "was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

We may not extend the time for filing an appeal, except as provided in Federal Rule of Appellate Procedure 4.  Fed. R. App. P. 26(b)(1).  In criminal actions, we customarily treat a late notice of appeal as a motion for an extension of time and remand to the district court for a determination of excusable neglect or good cause.  Fed. R. App. P. 4(b); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983).  To qualify for this relief, the notice of appeal must be filed or delivered to prison authorities for forwarding to the district court within the additional 30 days during which an extension is permissible.  Fed. R. App. P. 4(b)(4).  Otherwise, the district judge lacks the authority to further extend the time to appeal, even with a finding of excusable neglect or good cause.  *See Lopez*, 562 F.3d at 1314.

The timely filing of a motion for reconsideration in a criminal action tolls the time for filing a notice of appeal; the time begins to run anew following disposition of the motion.  *United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th

3

Cir. 1992).  A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal.  *See id.*

In this case, Vives's notice of appeal was untimely filed regarding the district judge's November 6, 2012, order, dismissing his petition for lack of subject matter jurisdiction.  Vives had 14 days, or until November 20, 2012, to file a notice of appeal for that order.  *See* Fed. R. App. P. 4(b)(1)(A).  Because Vives's notice of appeal is deemed filed on February 9, 2013, the day he signed the document, his notice of appeal was untimely.  *See Washington*, 243 F.3d at 1301.  Upon a finding of excusable neglect or good cause, the district judge could have extended the time for Vives to file a notice of appeal for 30 days.  *See* Fed. R. App. P. 4(b)(4).  That 30-day extension period, however, ended on December 20, 2012.  Even upon a finding of excusable neglect or good cause, on February 9, 2013, the district judge would not have been permitted to extend the time for filing a notice of appeal.  *See Lopez*, 562 F.3d at 1314.

Although a timely motion for reconsideration can toll the time to appeal in some circumstances, Vives's motion for reconsideration was deemed filed on December 12, 2012; thus, his motion could not toll the time he had to appeal, because it was not filed within the 14-day period for appealing the district judge's November 6, 2012, order.  *See Vicaria*, 963 F.2d at 1413-14; *see also Washington*,

4

243 F.3d at 1301.  Consequently, Vives's notice of appeal is untimely for the November 2012 dismissal of his petition.  Because the government has not forfeited its objection to the timeliness issue, we dismiss Vives's appeal to the extent he challenges that dismissal.  *See Lopez*, 562 F.3d at 1314.

The government addresses the merits of Vives's motion for reconsideration on appeal and has not objected to the timeliness of his notice of appeal regarding the denial of that motion.  *See United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010) (concluding we had jurisdiction to review an appeal filed past the deadline, because the government affirmatively forfeited its objection to the timeliness issue).  Thus, the government has forfeited its objection to the timeliness issue as to denial of Vives's motion for reconsideration.

## II.

Vives argues denying his motion for reconsideration of the dismissal of his petition was abuse of discretion by the district judge.[1]  We review the denial of a motion for reconsideration for abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  Federal Rule of Civil Procedure 60(b) applies only in civil cases, and a motion under Rule 60(b) is an improper way to challenge a criminal conviction or sentence.  *See United States v. Fair*, 326 F.3d 1317, 1318

---

[1] Because Vives does not challenge the district judge's denial of his motion for a court-ordered investigation into alleged improprieties in his initial brief, the issue is abandoned.  *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (deeming an issue abandoned where the appellant failed to develop any argument on the issue in his opening brief).

(11th Cir. 2003) (affirming district judge's denial of a pro se defendant's Federal Rule of Civil Procedure 60(b) motion, because he could not use any provision of the Federal Rules of Civil Procedure to attack any alleged deficiencies in the district judge's order denying his § 3582(c)(2) motion); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (affirming the district judge's denying defendant's Federal Rule of Civil Procedure 60(b) motion, because Rule 60(b) does not provide relief from a judgment in a criminal case); *see also* Fed. R. Civ. P. 1 (stating the Federal Rules of Civil Procedure "govern the procedure in all civil actions in the United States district courts"). The Federal Rules of Criminal Procedure do not "expressly authorize[ ]" a motion for reconsideration from a criminal order. *Vicaria*, 963 F.2d at 1414-15.

The district judge's denying Vives's motion for reconsideration of the dismissal of his petition was not abuse of discretion. Vives's motion for reconsideration was filed under Federal Rule of Civil Procedure 60(b), which was improper, because he sought relief in his criminal case, not a civil case. *See Mosavi*, 138 F.3d at 1366. Because no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case, we affirm the denial of Vives's motion for reconsideration. *See id.*; *Fair*, 326 F.3d at 1318.

**DISMISSED IN PART, AFFIRMED IN PART.**