[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14124
Non-Argument Calendar
_____

D.C. Docket No. 3:01-cr-00082-LC-MD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL JUAREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 20, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daniel Juarez, a federal prisoner proceeding *pro se*, appeals following the district court's disposition of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines[1] and denial of his motion for reconsideration.  We conclude that we lack jurisdiction over his appeal from the district court's partial denial of the motion to reduce sentence and affirm the denial of the motion for reconsideration.

I.

A jury convicted Juarez in 2003 on one count of conspiracy to distribute 500 grams or more of cocaine, 50 grams or more of cocaine base, and marijuana, all in violation of 21 U.S.C. §§ 841 and 846.  Before sentencing, the probation office prepared a presentence investigation report ("PSI").  The PSI converted the quantities of cocaine and cocaine base attributable to Juarez to quantities of marijuana in accordance with U.S.S.G. § 2D1.1, yielding a total of 48,013 kilograms of marijuana.  Based on that amount, the PSI assigned Juarez a base offense level of 38 pursuant to the drug quantity table in § 2D1.1.  With a two-level enhancement under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor in a criminal activity, Juarez's total offense level was 40. The PSI calculated Juarez's criminal history category as a V, which yielded a

---

[1] Amendment 782 lowered the base offense levels for certain offenses, including Juarez's.

guidelines range of 360 months' to life imprisonment. The PSI also noted that Juarez was subject to a mandatory minimum term of 240 months' imprisonment.

At his sentencing hearing, the district court sustained Juarez's objection to the leadership role enhancement. The court found Juarez accountable for 2 kilograms of powder cocaine, which converted to 400 kilograms of marijuana; 1 kilogram of cocaine base, which converted to 16,000 grams of marijuana; and 13 kilograms of marijuana, for a total of 16,413 grams of marijuana under § 2D1.1. Thus, the court concluded, Juarez's base offense level was 36 rather than 38, and his guideline range was 292 to 365 months' imprisonment. The district court adopted the remainder of the PSI and sentenced Juarez to 328 months' imprisonment.

Juarez appealed, and this Court affirmed his conviction and sentence. *See United States v. Juarez*, 90 F. App'x 387 (11th Cir. 2004) (unpublished table decision). Several years later, Juarez filed a motion to reduce his sentence pursuant to § 3582(c)(2) based on Amendment 706 of the Sentencing Guidelines. The district court granted Juarez's motion, recalculated his total offense level as 34, and reduced his sentence to 266 months' imprisonment. Juarez then filed a second § 3582(c)(2) motion, this time based on Amendment 750 of the Sentencing Guidelines. The district court denied Juarez's motion, concluding that the amendment did not lower his applicable guidelines range.

In January 2015, Juarez filed the instant § 3582(c)(2) motion, his third. Juarez based his motion on Amendment 782 to the Sentencing Guidelines, arguing that his new guidelines range was 188 to 235 months' imprisonment. He requested a sentence at the low end of that range. Without a response from the government, the district court resentenced Juarez in an order entered on June 25, 2015. In that order, the court determined that Juarez was eligible for the reduction and, based on the policy statement in U.S.S.G. § 1B1.10 and the sentencing factors delineated in 18 U.S.C. § 3553(a), it reduced Juarez's sentence from 266 months' imprisonment to 240 months' imprisonment. The district court entered no separate judgment.

Instead of appealing from that order, on August 3, 2015, Juarez filed a motion for reconsideration.[2] In that motion, Juarez contended that the court erred in failing to reduce his sentence to a term within the new guidelines range of 188 to 235 months' imprisonment. He requested a sentence of 211 months' imprisonment.

The district court denied Juarez's motion for reconsideration on September 2, 2015, reasoning that it lacked the authority to impose a sentence below the statutory mandatory minimum of 240 months' imprisonment and that, even if it had the authority, a further reduction was unwarranted given Juarez's numerous

---

[2] Under the "prison mailbox rule," we deem a *pro se* inmate's pleading filed on the date he delivers it to prison authorities for mailing. *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

infractions during his incarceration.[3]  Five days later, Juarez filed a notice of appeal.  He designated both the order disposing of his third § 3582(c)(2) motion and the order denying his motion for reconsideration as the orders he intended to appeal.

## II.

We are obligated to review our jurisdiction *sua sponte*.  *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005).  We review questions of jurisdiction *de novo*.  *Id.*  Federal Rule of Appellate Procedure 4 requires a criminal litigant taking an appeal as of right to file a notice of appeal "within 14 days after the later of . . . the entry of the judgment or the order being appealed." Fed. R. App. 4(b)(1)(A)(i).  This deadline is not jurisdictional; the government may forfeit its objection to timeliness.  *United States v. Lopez*, 562 F.3d 1309, 1311-14 (11th Cir. 2009).  But when the government raises an objection, whether in the district court or on appeal, "we must apply the time limits of Rule 4(b)."  *Id.*

The district court issued its order on Juarez's third § 3582(c)(2) motion on June 15, 2015.  Because § 3582(c)(2) proceedings are criminal in nature, the court was not required to enter a separate judgment.  *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).  Thus, Juarez's notice of appeal from that order was

---

[3] Just as the district court did, we treat Juarez's motion for reconsideration as properly filed, even though he filed it more than 14 days after the disposition of his § 3582(c)(2) motion, and address the motion on the merits.

due no later than June 29.  Rule 4(b)(4) permitted the district court, upon a finding of excusable neglect or good cause, to extend the time for Juarez to file a notice of appeal by no more than 30 days from that deadline, but the 30-day period ended on July 29.  Juarez failed to file his notice of appeal until September 7, 2015. Although a motion for reconsideration ordinarily tolls the time to file a notice of appeal, Juarez's August 3, 2015 motion for reconsideration could not toll the time because by that date there was no time remaining to toll.  *See United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992).  Because Juarez filed his notice of appeal out of time, and the government objected to its untimeliness, we must apply the time limits of Rule 4, which preclude us from reviewing the district court's June 15, 2015 order.  That portion of Juarez's appeal is dismissed.

## III.

Juarez's notice of appeal from the district court's denial of his motion for reconsideration, however, was timely filed.  We review the district court's denial of a motion for reconsideration for an abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  Juarez argues that the district court abused its discretion in denying his motion for reconsideration because the court failed to make a factual finding to support the applicability of a statutory mandatory

minimum sentence of 240 months' imprisonment to his case.[4]  Relatedly, he argues that the district court's consideration of the mandatory minimum for the first time in his § 3582(c)(2) proceedings violated his constitutional right to due process. Juarez also asserts that the district court should have exercised its discretion to resentence him to a term below the mandatory minimum and should have considered that he had incurred no infraction for misconduct in prison for some time.

As to Juarez's first argument, the PSI stated that, based on the quantity of drugs for which he should be held accountable, calculated in the PSI as 48,013 kilograms of marijuana, he was subject to a mandatory minimum of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A).  Although the district court found that the quantity was only 16,413 kilograms of marijuana, that finding was still sufficient to trigger the mandatory minimum sentence in § 841(b)(1)(A).  Thus, assuming *arguendo* that the district court was required to make fact findings to support its imposition of a sentence at or above the mandatory minimum, it did just that in determining the amount of drugs for which Juarez was responsible.  Put differently, the district court made the very finding Juarez claims was lacking.

Second, "[s]ection 3582(c)(2) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues" such as independent constitutional

---

[4] Juarez makes no assertion that the mandatory minimum is inapplicable, only that the court failed to make the requisite findings.

challenges; those challenges are appropriate for collateral attack under 28 U.S.C. § 2255. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2013). We therefore do not address Juarez's due process argument here.

Third, "where a guidelines range falls entirely below a mandatory minimum sentence, the court *must* follow the mandatory statutory minimum sentence." *United States v. Clark*, 274 F.3d 1325, 1328 (11th Cir. 2001). This is no less true when a district court reduces a sentence under Amendment 782 and § 3582(c)(2). U.S.S.G. § 1B1.10 cmt. n.1(A). The court resentenced Juarez to the lowest sentence it possibly could impose. Thus, we need not consider the effect Juarez's prison infractions had on the district court's decision, if any.

## IV.

For the foregoing reasons, we dismiss Juarez's appeal from the district court's resentencing order and affirm the court's denial of his motion for reconsideration.

**DISMISSED IN PART, AFFIRMED IN PART.**