[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13708

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC RAYONN ROWLS,
a.k.a. "E".,
a.k.a. Eric Rannon Rowls,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:09-cr-00016-RV-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Eric Rowls appeals *pro se* the denial of his motion to reconsider the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The United States asks that we dismiss Rowls's appeal for failure to file timely his notice of appeal. We treat Rowls's notice of appeal dated September 14, 2020, as a motion for an extension of time and remand for the limited purpose of having the district court make a finding about good cause or excusable neglect.

A defendant must file a notice of appeal within 14 days of the entry of judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i); *see United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("[A] § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case."). This rule is not jurisdictional, so the government must either object to an untimely notice or forfeit its objection. *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009). The district court may extend the period an

additional 30 days "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

A motion for reconsider filed in a criminal case can toll the time for filing a notice of appeal. *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992). The motion tolls the deadline when filed within 14 days of the entry of judgment. *Id.* at 1414. The time to file the notice of appeal "begins to run anew following disposition of the motion." *Id.*

We remand for the limited purpose of having the district court determine whether an extension based on good cause or excusable neglect is warranted. *See* Fed. R. App. P. 4(b)(4). The district court denied Rowls's motion for compassionate release on July 10, 2020. Eleven days later, on July 21, 2020, Rowls filed by email a motion "asking for the [district] court to alter or amend [its] judgment." Although Rowls could not rely on Federal Rule of Civil Procedure Rule 59(e) in his criminal case, *see* Fed. R. Civ. P. 1; *Fair*, 326 F.3d at 1318, we construe his motion liberally as a motion for reconsideration, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). That motion tolled the deadline to appeal until its denial on August 4, 2020. *See Vicaria*, 963 F.2d at 1414. Rowls asked "for the notice of appeal to be filed" in a letter he dated as September 14, 2020. Because Rowls filed his late notice before expiration of the additional 30-day period to move for an extension of time in which to appeal, we remand for the district court to make a finding whether good cause or excusable neglect exists to justify an

4                    Opinion of the Court                    20-13708

extension. *See United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir. 1983).

**REMANDED.**