[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10475

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JORGE MACLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20587-RNS-2

_____

Before JORDAN, LUCK, and LAGOA,  Circuit Judges.

PER CURIAM:

Jorge Macli, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, and his subsequent motion for reconsideration.  He argues that modifications and changes made by the FSA have empowered district courts to reduce a sentence for reasons outside of those prescribed by the Bureau of Prisons and that he should receive a sentence reduction because his sentence was overly harsh and unfair.  He also asserts that, in denying him compassionate release, the district court failed to consider that he is a non-violent and first-time offender, that he has not been labeled as a threat or menace to society, and that he has been deemed eligible for recidivism classes by the BOP that make him suitable for early release.

We grant Mr. Macli's motion to file his reply brief out of time.  But, for the reasons set out below, we affirm the district court's orders.

We review *de novo* determinations about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 910, 911 (11th Cir.

2021). The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *Id.* Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

When a federal prisoner is proceeding *pro se*, we construe his pleadings liberally. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Nonetheless, issues not raised in the initial appellate brief are waived. *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005). And a claim without supporting legal argument or only passing references to a claim also amounts to waiving or abandoning that claim on appeal. *Brown v. United States*, 720 F.3d 1316, 1332-33 (11th Cir. 2013).

A district court has no inherent authority to modify a defendant's sentence and may only do so when it is authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Here, § 3582(c)(1)(A) provides such authorization to modify a sentence through a motion for compassionate release. A district court may grant a prisoner's motion for compassionate release if (1) there is an "extraordinary and compelling" reason for doing so, (2) the factors set forth in 18 U.S.C. § 3553(a) favor doing so, and (3) granting a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Because all

three conditions must be satisfied before a district court can grant a reduction, the absence of even one of these conditions would foreclose a sentence reduction. *Id.* at 1237-38.

The commentary to the applicable policy statement, U.S.S.G. § 1B1.13, lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). A prisoner may also be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. § 1B1.13, comment. (n.1(D)). This catch-all provision, however, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant,* 996 F.3d at 1247-48. In addition, the defendant must not be a danger to the safety of others or the community. § 1B1.13(2).

In considering the § 3553(a) factors, the weight to be accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in this respect. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

In situations where consideration of the § 3553(a) factors is mandatory, a district court need not address each of the factors or all of the mitigating evidence. *Tinker*, 14 F.4th at 1241. Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is generally sufficient. *Id.* A sentence may be affirmed so long as the record indicates that the district court considered a number of the factors. *United States v. Dorman*, 488 F.3d 936, 944-45 (11th Cir. 2007).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing any needed training or treatment. In addition, § 3553(a) requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution.

We permit motions for reconsideration in criminal cases even though such motions are not expressly contemplated by the Federal Rules of Criminal Procedure. *United States* v. *Vicaria,* 963 F.2d 1412, 1414 (11th Cir. 1992). In the civil context, motions for reconsideration "cannot be used to relitigate old matters, raise

argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. Tee Vee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

With respect to his motion for compassionate release, Mr. Macli has not established an extraordinary and compelling reason warranting early release. Pursuant to *Bryant*, 996 F.3d at 1247-48, the district court did not have the discretion to develop extraordinary and compelling reasons outside of those listed in U.S.S.G § 1B1.13, such as an overly harsh sentence. Because an "extraordinary and compelling" reason is a prerequisite to the reduction of a sentence under the First Step Act, and Mr. Macli has failed to establish such a reason, we affirm the denial of Mr. Macli's motion.

As to the motion for reconsideration, we also affirm. Mr. Macli failed to reference the reconsideration motion in his brief, and he therefore has abandoned any challenge to the district court's denial of that motion.

**AFFIRMED.**