[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13790

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:01-cr-00058-MSS-GJK-1

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David Williams appeals the district court's partial grant and partial denial of his motion to reduce sentence under the First Step Act[1] and denial of his motion for reconsideration. The government moved to dismiss the appeal as untimely, arguing that Williams's motion for reconsideration did not toll the time to appeal as the grant of an 18 U.S.C. § 3582(c) motion can only be challenged through a Rule 35(a) motion, which does not toll the time to appeal, for which it cited *United States v. Phillips*, 597 F.3d 1190 (11th Cir. 2000). We carried with the case the issue of whether the timely motion for reconsideration tolled the time to appeal and decide it first because it affects our jurisdiction.

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). The deadline under Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *See United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Instead, the filing deadline is considered a claims processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *Id.* at

---

[1] First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

1312 13.  Nevertheless, if the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." *Id.* at 1313 14.

Motions for reconsideration allow courts to "reconsider [a] question decided in the case in order to effect an alteration of the rights adjudicated." *United States v. Dieter*, 429 U.S. 6, 8 9 (1976) (quotation marks omitted).  Although a motion for reconsideration in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the filing of such a motion tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion.  *United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992).  A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal.  *Id.* at 1414.  Thus, a criminal defendant must file a motion for reconsideration within 14 days of the order or judgment.  *Id.*  However, a motion filed under Rule 35(a) does not toll the time to appeal.  Fed. R. App. P. 4(b)(5).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute or Rule 35 expressly permits.  18 U.S.C. § 3582(c)(1)(B).  A party files a Fed. R. Crim. P. 35(a) motion when they seek to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  In *Phillips*, the government filed a motion for reconsideration of the district court's order granting a sentence reduction, asking to correct the sentence that the court imposed

based on an error during the calculation of the Guidelines range for the sentence reduction.  597 F.3d at 1193.  We held that a district court only has the authority to modify a sentence through the narrow authority granted under 18 U.S.C. § 3582(c), which does not provide for a motion for reconsideration.  *Phillips*, 597 F.3d at 1194 97.  We further held that, when the district court grants a motion and modifies the original sentence, the strictures of § 3582(c) apply.  *Id.* at 1197-99.  When the government argued that the Supreme Court and this Court have permitted motions for reconsideration in criminal cases, we distinguished those cases because: (1) those decisions "did not involve a motion to correct an imprisonment sentence and therefore they did not need to address the unambiguous language in § 3582(c)(1)(B) which prohibits a district court from modifying an imprisonment sentence except as 'expressly permitted by statute or by Rule 35'"; and (2) § 3582(c)(1)(B) does not provide for a motion for reconsideration as an exception to the sentence modification prohibition.  *Id.* at 1200 (emphasis in original).  In *Llewlyn*, we determined that the denial of a motion to reduce sentence did not necessarily implicate Rule 35(a).  *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  As in *Llewlyn*, Williams did not ask the district court to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

The First Step Act permits district courts to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was

21-13790                Opinion of the Court                5

committed." First Step Act § 404(b). Listed under "limitations," a court cannot entertain a successive motion under the First Step Act if the defendant's sentence was either imposed or previously reduced in accordance with the Fair Sentencing Act or if a prior motion under the First Step Act had previously been denied "after a complete review of the motion on the merits." *Id.* In *United States v. Edwards*, we determined that § 404 of the First Step Act was its "own procedural vehicle" differing from § 3582(c), holding that § 404 was self-contained and self-executing. 997 F.3d 1115, 1119 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 509 (2021). We noted that the language in the two statutes differed because the First Step Act authorized a reduction in "sentence" while § 3582(c) authorized a modification of a "term of imprisonment. *Id.* at 1118. We explained that the plain terms in § 404 of the First Step Act broadly authorize district courts to reduce sentences under certain circumstances while § 3582(c) grants narrow authority to modify terms of imprisonment. *Id.* at 1118 19.

Here, *Phillips* is inapplicable because the statutory bar under 18 U.S.C. § 3582(c) was not triggered, as the district court reduced Williams's sentence pursuant to its authority under § 404 of the First Step Act rather than § 3582(c). Moreover, nothing in the First Step Act confines its broad authority to the strictures of Rule 35(a). Therefore, Williams's timely motion for reconsideration tolled the time to appeal. As such, the government's motion to dismiss is **DENIED**.

We now turn to Williams's substantive argument. He argues that the district court erred in relying on *United States v. Denson*[2] to support its determination that it lacked authority to reduce his sentence. The government moved for summary affirmance, arguing that he forfeited his challenge to the district court's partial denial of his underlying motion by failing to challenge on appeal the court's alternative determination that, even if it had authority to reduce his term of imprisonment, it would decline to do so as a matter of discretion. It asserts that he also forfeited any challenge to the denial of his motion for reconsideration by failing to challenge that order on appeal.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Taylor*, 982 F.3d 1295, 1298 (11th Cir. 2020). We review the denial of an eligible defendant's request for a reduced sentence under the First Step Act for abuse of the district court's "broad discretion." *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The Fair Sentencing Act,[3] enacted in 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the disparity between sentences for crack and powder cocaine

---

[2] *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020), *abrogated on other grounds by Concepcion v. United States*, 142 S. Ct. 2389 (2022).

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

offenses. *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). The subsequent First Step Act retroactively applies the statutory penalties for "covered offenses" under the Fair Sentencing Act. *See* First Step Act § 404(a). "Section 404(c) of the First Step Act confers particular discretion, clarifying that the Act does not require a court to reduce any sentence." *Concepcion*, 142 S. Ct. at 2404 (quotation marks omitted).

Where a defendant does not offer any argument regarding an issue on appeal, he is deemed to have forfeited that issue. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances), *cert. denied,* 143 S. Ct. 95 (2022). A lower court's "judgment is due to be affirmed" when an appellant fails to challenge one of the grounds on which the lower court made its decision. *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014) (quotation marks omitted).

Here, Williams forfeited his challenge to the district court's denial of his § 404 motion because he failed to challenge the court's discretionary decision not to reduce his sentence on which the court partially based its denial. Because Williams failed to challenge one of the grounds on which the lower court made its decision, the court's judgment is due to be affirmed. Further, Williams also forfeited any challenge to the district court's denial of his motion for reconsideration because he failed to challenge that order on appeal.

8                          Opinion of the Court                          21-13790

AFFIRMED.[4]

---

[4] The government's motion to stay the briefing schedule is denied as moot.