[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10984

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE JAMAAL GUYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:10-cr-00093-WTM-CLR-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Andre Guyton, *pro se*, appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the denial of his motion for reconsideration. He asserts he is more susceptible to severe symptoms should he contract COVID-19 because of his race and because he still suffers complications from the first time he had COVID-19. After review,[1] we affirm the district court.

## I.  TIMELINESS

The Government contends Guyton's appeal is untimely as to the underlying motion for compassionate release. Federal Rule of Appellate Procedure 4(b) provides a 14-day period to file a notice of appeal in criminal cases. Fed. R. App. P. 4(b)(1)(A)(i). The 14-day period provided in Rule 4(b) applies to Guyton's appeal because his motion for compassionate release is an extension of the underlying criminal case.

Guyton signed his motion for reconsideration on January 18, 2022, which was 14 days after the district court denied his motion

---

[1]We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied* 142 S. Ct. 583 (2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

for compassionate release on January 4, 2022. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (stating we consider a *pro se* prisoner's filings as filed on the date he delivers them to prison authorities for mailing and absent evidence to the contrary, we assume a prisoner provided his filing to prison officials on the date he signed it); *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) (explaining a motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal). The filing of the motion for reconsideration tolled the time Guyton had to file a notice of appeal, and the 14-day period did not begin to run again until the district court denied his motion for reconsideration on February 22, 2022. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) *abrogated on other grounds by* Amendment 780 (stating the filing of a motion for reconsideration tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion). Guyton's notice of appeal was filed on March 23, 2022, which was more than 14 days after the district court's denial of his motion for reconsideration, but within the 30-day period where an extension for good cause or excusable neglect may be granted by the district court. *See United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983) (stating in criminal cases, we treat a late notice of appeal, filed within 30 days during which an extension is permissible, as a motion for extension of time that should be decided by the district court); *see also* Fed. R. App. P. 4(b)(4) (providing, upon a showing of excusable neglect or good cause, a district court may extend the time to file a

notice of appeal for a period not to exceed 30 days from the expiration of the original appeal period).  Nevertheless, the Government has assumed Guyton would receive such an extension for good cause or excusable neglect, and it has not requested this Court dismiss Guyton's appeal for untimeliness to the extent he appeals from the district court's order on February 22, 2022.  *See United States v. Lopez*, 562 F.3d 1309, 1311-14 (11th Cir. 2009) (explaining the 14-day deadline for filing a notice of appeal in criminal cases is a non-jurisdictional claims-processing rule, but when the government asserts timeliness as an issue on appeal, we must apply the time limits of Rule 4(b)).

Because Guyton's appeal from the denial of his motion for compassionate release was tolled by the motion for reconsideration, and the Government has assumed Guyton's untimeliness in appealing from the denial of the motion for reconsideration was due to excusable neglect or good cause, the Government has not moved to enforce the timeliness claims-processing rule and we address the merits of Guyton's appeal.

## II.  COMPASSIONATE RELEASE

District courts lack the inherent authority to modify a term of imprisonment but may do so as permitted by statute.  18 U.S.C. § 3582(c); *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015).  As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we have recently explained, to grant a reduction under § 3582(c)(1)(A), district courts must find three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement," and the absence of any one of those conditions forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence. *Id*. at 1237.

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a

danger to the safety of any other person or to the community. *See id.*, comment. (n.1). The commentary lists a prisoner's medical condition as a possible extraordinary and compelling reason warranting a sentence reduction if he: (1) has a terminal disease; or (2) is suffering from a physical or mental condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also contains a catch-all provision for "other reasons," which provides a prisoner may be eligible for a sentence reduction if the Director of the Bureau of Prisons determines there is an extraordinary and compelling reason. *Id.*, comment. (n.1(D)).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and district courts thus cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. Accordingly, district courts are precluded "from finding extraordinary and compelling reasons within the catch-all provision beyond those specified" in § 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). We held "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release when the prisoner's medical conditions did not meet the criteria of § 1B1.13, comment. (n.1(A)). *Id.* at 1346.

The district court did not abuse its discretion in denying Guyton's motion for compassionate release because he did not

22-10984                Opinion of the Court                        7

show an extraordinary and compelling reason for his release.[2] First, Guyton's claim he established an extraordinary and compelling reason for his release because he is unable to receive the vaccine against COVID-19 is foreclosed because the district court cannot find extraordinary and compelling reasons beyond those specified in § 1B1.13. *See Bryant*, 996 F.3d at 1262; *Giron*, 15 F.4th at 1347. Further, the district court did not abuse its discretion in determining Guyton's heart palpitations, shortness of breath, and numbness in his arm and leg, along with other symptoms that Guyton attributed to long-haul COVID-19 did not constitute an extraordinary and compelling reason for his release because Guyton did not show these conditions impair his ability to care for himself while in prison. *See* U.S.S.G. § 1B1.13 comment. (n.1(A)); *Bryant,* 996 F.3d at 1249-50; *Giron*, 15 F.4th at 1346-47. Instead, the record reflects that Guyton has seen medical staff in prison multiple times, the staff has determined that anxiety may be causing a number of his symptoms, and Guyton has been seen for psychological help while in prison.

Guyton's argument his race and current symptoms create an extraordinary reason for release because they increase the likelihood he will experience severe COVID-19 symptoms if he contracted it again is too speculative to warrant a reduction of his

---

[2] We need not consider whether the § 3553(a) factors weigh in favor of granting Guyton relief because his failure to show an extraordinary and compelling reason for his release is dispositive. *See Tinker*, 14 F.4th at 1237-38.

sentence. Section 1B1.13 offers relief to inmates who are suffering from a physical or mental condition that diminishes their ability to provide self-care while in prison, but Guyton seeks relief based on speculation that he will contract COVID-19 again, and if he does, that he will suffer severe symptoms. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)). Accordingly, Guyton has not shown his medical conditions warrant relief because he has not shown he is suffering from a condition that limits his ability to care for himself in prison. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1262.

Accordingly, we affirm the denial of Guyton's motions for compassionate release and for reconsideration.

**AFFIRMED.**