[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11640

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAYNARD SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:16-cr-00358-LGW-CLR-1

_____

_____

No. 22-11808

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAYNARD SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cr-00011-WTM-CLR-1

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Maynard Sanders, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his two motions for

reconsideration of its earlier denials of compassionate release, 18 U.S.C. § 3582(c)(1)(A), pursuant to § 603 of the First Step Act,[1] in his two separate criminal cases. *See generally United States v. Sanders*, 744 F. App'x 641 (11th Cir. 2018) (unpublished) (affirming Sanders' 78-month sentence following his conviction for possession of a firearm by a felon); *United States v. Sanders*, 756 F. App'x 917 (11th Cir. 2018) (unpublished) (affirming Sanders' 186-month sentence following his convictions on several counts of bank fraud, aggravated identity theft, and aiding and abetting theft by a bank employee). In this appeal, Sanders argues that: (1) the district court abused its discretion by denying his motions for reconsideration as time-barred; and (2) as an alternative, the district court should have liberally construed each of his motions for reconsideration as a supplemental motion for compassionate release. After careful review, we affirm.

We normally review the denial of a motion for reconsideration in a criminal appeal for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). When we review for abuse of discretion, it "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion . . . ." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (quotations omitted). Where, however, a defendant fails to raise an issue in the district court, we review for plain error only. *United States v. Innocent*, 977 F.3d 1077,

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

1081 (11th Cir. 2020). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We construe *pro se* pleadings liberally. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We've held in the 28 U.S.C. § 2255 context that courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). However, regardless of the context, all litigants must comply with the applicable procedural rules, and we will not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69 (quotations omitted).

Although a motion for reconsideration in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the timely filing of such a motion will toll the time for filing a notice of appeal, with the time beginning to run anew following disposition of the motion. *See United States v. Dieter*, 429 U.S. 6, 8–9 (1976); *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992). A motion for reconsideration in a criminal case must be filed within the time allotted for filing a notice of appeal, however, in order to extend the time for filing the notice of appeal. Fed. R.

App. P. 4(b); *Vicaria*, 963 F.2d at 1414. Thus, a criminal defendant must file a motion for reconsideration within 14 days of the order or judgment. Fed. R. App. P. 4(b).

Here, the district court did not abuse its discretion in denying Sanders's motions for reconsideration. *Simms*, 385 F.3d at 1356. For starters, both of these motions were untimely. Sanders first moved for compassionate release in August 2020, in his case involving his convictions for bank fraud, aggravated identity theft, and theft by a bank employee. When the district court denied this motion in October 2020, Sanders did not move for reconsideration until April 2022. Sanders also moved for compassionate release in his other criminal case -- this one involving his conviction for being a felon in possession of a firearm -- in November 2020. This time, the district court denied his motion for compassionate release in May 2021, and he did not move for reconsideration until May 2022. Because a criminal defendant must file a motion for reconsideration within 14 days of the order from which reconsideration is sought, and because Sanders did not move for reconsideration until over a year later in both instances, neither of Sanders's motions were timely. *Vicaria*, 963 F.2d at 1413–14.

Sanders now argues to our Court that the district court should have alternatively construed his motion for reconsideration as a supplemental motion for compassionate release. Because Sanders makes this argument for the first time on appeal, we review it for plain error, and we can find none. Sanders has offered no authority holding that a district court is obligated to *sua sponte*

reconstrue a motion for reconsideration as a supplemental motion for compassionate release. Moreover, because the First Step Act does not prohibit a prisoner from filing successive motions for compassionate release, Sanders cannot show that his substantial rights were affected by the district court's failure to *sua sponte* construe his motions as motions for compassionate release. Thus, the district court did not plainly err in denying these motions.

Accordingly, we affirm.

**AFFIRMED.**