**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13085
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCO D. DUNCAN,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:02-cr-00020-MW-ZCB-2

————————————————

————————————————

No. 24-13715
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCO D. DUNCAN,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:02-cr-00020-MW-ZCB-2

———————————

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Marco Duncan, proceeding pro se, appeals the district court's orders denying his motion for compassionate release and motion for reconsideration. He argues that the district court erred by failing to consider his eligibility for compassionate release under U.S.S.G. § 1B1.13(b)(5). Duncan also argues that the district court failed to properly weigh the 18 U.S.C. § 3553(a) factors and further failed to describe how the factors were balanced or weighed. Lastly, he argues that the district court abused its discretion by failing to consider his untimely motion for reconsideration on the merits. After careful review, we affirm.

**I.**

"We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review a district court's denial of an eligible

defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *Id.* We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, commits a clear error of judgment, or makes findings that are clearly erroneous. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

## II.

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). Either the Bureau of Prisons or a defendant who has exhausted administrative remedies may move the court to reduce a term of imprisonment based on compassionate release. 18 U.S.C. § 3582(c). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 4142(g); and (4) a reduction is consistent with the applicable Sentencing Commission policy statements. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See id.*

As an initial matter, Duncan spends much of his brief arguing that there are "extraordinary and compelling reasons" for granting compassionate release.[1]  But we do not need to address those arguments.  As explained below, Duncan has not shown that the district court abused its discretion in denying his request for compassionate release because the § 3553 factors did not support the request.

The § 3553(a) factors include the nature and circumstances of the offense, the history, and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  The district court need not address each of the § 3553(a) factors or all mitigating evidence.  *Tinker*, 14 F.4th at 1241.  Instead, an acknowledgment that the court considered all applicable § 3553(a) factors and the parties' arguments along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient.  *Id.* at 1240–41 (citation modified).  The weight given to

---

[1] Though not necessary to resolve the instant appeal, the relevant categories of "extraordinary and compelling reasons" implicated by Duncan's motion are: (1) the defendant's medical conditions; (2) the defendant was a victim of sexual or physical abuse while in custody; (3) the defendant has served at least ten years of an "unusually long sentence" and there has been a qualifying change in law; and (4) a catchall "Other Reasons" or combination of reasons that are similar in gravity to certain enumerated extraordinary and compelling reasons.  *See* U.S.S.G. § 1B1.13(b)(1), (b)(4), (b)(5), (b)(6).

24-13085                Opinion of the Court                5

any § 3553(a) factor is committed to the discretion of the district court. *Id.*

Here, the district court appropriately considered the § 3553 factors. Once it acknowledged that it considered all the factors, the court found the nature of Duncan's offense and his conduct in prison[2] supported not exercising discretion for compassionate release. Duncan quarrels with *how* the district court weighed the relevant factors, but the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *Tinker*, 14 F.4th at 1241.

Lastly, Duncan argues the district court erred in denying his motion for reconsideration. Although a motion for reconsideration in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the timely filing of such a motion will toll the time for filing a notice of appeal, with the time beginning to run anew following the disposition of the motion. *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992) (per curiam). A motion for reconsideration in a criminal case must be filed within the time allotted for filing a notice of appeal, however, in order to extend the time for filing the notice of appeal. Fed. R. App. P. 4(b); *Vicaria*, 963 F.2d at 1414. Thus, a criminal defendant must file a

---

[2] Duncan's disciplinary history in prison includes possessing a dangerous weapon, possessing contraband such as drugs or alcohol, and attempting to kill a prison staff member, which resulted in Duncan being housed in the most restrictive unit since 2018.

6                    Opinion of the Court                    24-13085

motion for reconsideration within 14 days of the order or judgment.  Fed. R. App. P. 4(b).

The district court denied Duncan's motion for compassionate release on August 22, 2024.  Duncan asserted that he received the order on September 5, 2024 but did not file his motion for reconsideration until October 7, 2024—over thirty days after receiving the order.  Thus, the district court did not abuse its discretion in denying Duncan's motion for reconsideration as untimely because he did not file the motion for reconsideration within 14 days of the district court's order denying his motion for compassionate release.

**AFFIRMED**.